IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Aon Consulting, Inc., | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17cv7218 |
| Marsh Inc. and Marsh & McLennan Agency LLC, | ) ) ) | Jury Demanded |
|     Defendants. | ) ) ) | |

## COMPLAINT

Plaintiff Aon Consulting, Inc. ("Aon") brings this action for misappropriation of trade secrets, deceptive trade practices, unfair competition, and tortious interference with a prospective economic advantage against Defendants Marsh Inc. and Marsh & McLennan Agency LLC (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

1. Aon, through its Radford business unit, offers compensation data surveys to its customers, which are used in connection with various compensation-related activities. The survey data is obtained from approximately 3,000 participating organizations, and Aon compiles and analyzes this data based on various criteria. Access to the survey reports and data is restricted to participating organizations that share certain compensation data with Aon and agree to certain conditions governing access to and use of the survey reports and data. Participating organizations have access to Aon's survey reports and data through a secure website that requires a username and password, both of which are issued directly to the participating organizations by Aon.

2. Defendants Marsh, Inc. and Marsh & McLennan Agency LLC are competitors of Aon that offer, in part, compensation consulting services through their business unit Barney & Barney Insurance Services. Upon information and belief, Defendants, without Aon's knowledge or authorization, improperly gained access to Aon's secure website by using a participating organization's username and password, and then downloaded Aon's survey reports and data, or otherwise improperly obtained copies of Aon's survey reports and data. Defendants then used this information to provide compensation consulting services to their customers. As a result of Defendants' actions, Aon has suffered irreparable injury and seeks damages, a permanent injunction, costs, and attorneys' fees as authorized by the applicable federal and state laws.

## THE PARTIES

3. Plaintiff Aon Consulting, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 200 East Randolph Street, Suite 900, Chicago, Illinois 60601. Aon is a global provider of risk management, insurance, and reinsurance brokerage. Aon owns a business unit named Radford, which delivers compensation data and advice to technology and life science companies.

4. Upon information and belief, Defendant Marsh, Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 540 West Madison Street, Chicago, Illinois 60661.

5. Upon information and belief, Defendant Marsh & McLennan Agency LLC is a limited liability company organized and existing under the laws of the State of Delaware, having regular and established places of business at 150 North Michigan Avenue, Suite 1205, Chicago, Illinois 60601 and 1166 Avenue of the Americas, New York, New York 10036.

**JURISDICTION AND VENUE**

6. This is an action for misappropriation of trade secrets, deceptive trade practices, unfair competition, and tortious interference with a prospective economic advantage. The Court has jurisdiction over this action under 28 U.S.C. § 1331, as Aon's cause of action for misappropriation of trade secrets arises under 18 U.S.C. § 1832. Further, this Court has jurisdiction over Aon's Illinois state statutory and common law claims pursuant to 28 U.S.C. § 1367.

7. This Court may exercise personal jurisdiction over Defendants based on its contacts with this forum, including at least, maintaining business offices in Illinois and regularly and intentionally transacting business within Illinois.

8. Venue is proper within the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c).

**FACTS**

9. Aon is a leading global provider of risk management, insurance brokerage and reinsurance brokerage, and human resources solutions and outsourcing services.

10. Through its business unit Radford, Aon compiles and analyzes compensation data and provides consulting services to technology and life sciences companies. In particular, Aon offers surveys that provide in-depth compensation insights in more than 80 countries from approximately 3,000 participating organizations ("Participating Organizations"). These surveys contain valuable compensation data that is used by Aon and the Participating Organizations to develop compensation strategies and employment compensation packages.

11. Aon obtains the compensation data used in its survey reports from the Participating Organizations. These organizations provide compensation data to Aon in exchange for having access to Aon's survey reports and data.

12. Aon compiles and analyzes the compensation data provided by the Participating Organizations. Aon then offers standardized and custom survey reports to the Participating Organizations based on certain criteria selected by the particular Participating Organization. Certain criteria include: industry sector, job type, and company size.

13. Aon derives economic value from its survey reports and data because this information is not generally known to the public.

14. Aon has taken reasonable measures under the circumstances to maintain the secrecy or confidentiality of its survey reports and data.

15. One such measure implemented by Aon is the use of a password-protected website that houses Aon's survey reports and data. Aon's website can only be accessed through the use of usernames and passwords issued by Aon, and these usernames and passwords are only issued to Participating Organizations.

16. Upon information and belief, at the time the complained-of acts were committed by Defendants, Defendants did not have a compensation survey similar to the one offered by Aon and Defendants did not have authorization to access Aon's password-protected website or otherwise obtain Aon's survey reports or data from a Participating Organization.

17. Upon information and belief, Participating Organizations and other customers contracted with Defendants to provide compensation consulting services.

18. Upon information and belief, Defendants obtained copies of survey reports provided by Aon from the Participating Organizations, and Defendants then used the survey reports to provide consulting services based on the information learned through the reports.

19. Upon information and belief, Defendants knew that only Participating Organizations were permitted to access Aon's survey reports and data.

20. Upon information and belief, Defendants knew that Participating Organizations agreed to certain conditions governing use of Aon's survey reports and data, and third-party contractors were required to comply with these conditions.

21. Upon information and belief, without Aon's knowledge or authorization, Defendants obtained and used a Participating Organization's username and password to gain access to Aon's password-protected website, or otherwise improperly obtained Aon's survey reports and data from a Participating Organization.

22. Upon information and belief, without Aon's knowledge or authorization, Defendants accessed and downloaded Aon's survey reports and data (collectively, the "Misappropriated Information").

23. Without Aon's knowledge or authorization, Defendants used the Misappropriated Information to provide compensation consulting services to Participating Organizations and other third parties (collectively, "Defendants' Customers").

24. Aon had a reasonable expectation of offering survey reports and consulting services to Defendants' Customers because Aon was the only entity that offered an extensive compensation survey and, at the time of the complained-of activities, Defendants did not offer a similar type of compensation survey.

25. On February 18, 2015, Aon sent a cease-and-desist letter to Barney & Barney Insurance Services after it learned of Defendants' complained-of activities.

26. Shortly thereafter, Defendants responded to Aon's letter, denying that it improperly used Aon's survey data.

27. The parties continued to discuss resolution of the dispute through correspondence concerning Defendants' complained-of activities and a potential settlement. The parties have been unable to resolve the matter.

28. Defendants have continued to use the Misappropriated Information to provide compensation consulting services to Defendants' Customers without Aon's knowledge or authorization, at least as recently as May 2017.

## COUNT I
## VIOLATION OF DEFEND TRADE SECRETS ACT

28. Aon incorporates and restates Paragraphs 1 through 27 above as if fully set forth herein.

29. Aon's survey reports and data described above constitute trade secrets under federal law, as embodied in 18 U.S.C. § 1832, and that information has been and will be misappropriated by Defendants.

30. Aon's trade secrets are intended for a product or service used in or intended for use in interstate commerce.

31. Aon's trade secrets are sufficiently secret to derive economic value from not being generally known to other persons, such as Defendants, who obtained and continue to obtain economic value from its disclosure or use.

32. Aon takes reasonable efforts under the circumstances to maintain the secrecy or confidentiality of these trade secrets.

33. Upon information and belief, Defendants, intending or knowing that the complained-of activities would injure Aon, did knowingly without authorization appropriate Aon's trade secrets.

34. Upon information and belief, Defendants, intending or knowing that the complained-of activities would injure Aon, knowingly and without authorization copied, replicated, delivered, and communicated Aon's trade secrets.

35. Upon information and belief, Defendants, intending or knowing that the complained-of activities would injure Aon, knowingly possessed Aon's trade secrets, knowing the same to have been stolen or appropriated, obtained, or converted without Aon's authorization.

36. Defendants' conduct described above constitutes the actual and threatened use and disclosure of Aon's trade secrets in violation of 18 U.S.C. § 1832.

37. Defendants' violations of 18 U.S.C. § 1832 described above have been and will be the proximate cause of injury and damage to Aon.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM TRADE SECRETS ACT

38. Aon incorporates and restates Paragraphs 1 through 37 above as if fully set forth herein.

39. Aon's survey reports and data described above constitute trade secrets under Illinois law, as embodied in the Illinois Uniform Trade Secrets Act (IUTSA), 765 ILCS 1065/1 et seq., and that information has been and will be misappropriated by Defendants.

40. Defendants' conduct described above constitutes the actual and threatened use and disclosure of Aon's trade secrets in violation of the IUTSA.

41. Defendants' violations of the IUTSA described above have been and will be the proximate cause of injury and damage to Aon.

42. Upon information and belief, Defendants' violations of the IUTSA are willful.

## COUNT III
## UNFAIR COMPETITION – DECEPTIVE TRADE PRACTICES

43. Aon incorporates and restates Paragraphs 1 through 42 above as if fully set forth herein.

44. Upon information and belief, Defendants engaged and engage in conduct that created and continues to create a misunderstanding among customers or potential customers as to the source of the survey reports and data used by Defendants in its compensation consulting services.

45. Defendants' conduct constitutes a deceptive trade practice under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(a).

## COUNT IV
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

46. Aon incorporates and restates Paragraphs 1 through 45 above as if fully set forth herein.

47. Aon had a reasonable expectancy of entering into a valid business relationship with Defendants' Customers whose business required the use of Aon's trade secrets.

48. Upon information and belief, Defendants knew of the prospective business relationship with Aon and Defendants' Customers.

49. Upon information and belief, Defendants intentionally and with no justifiable purpose interfered with the prospective business relationship by using Aon's trade secrets to induce Defendants' Customers to enter into a business relationship with Defendants.

50. Upon information and belief, due to Defendants' intentional interference, Aon's prospective business relationships with Defendants' customers did not come to fruition.

51. Defendants' interference caused and will continue to cause irreparable injury to Aon.

## JURY DEMAND

Aon demands trial by jury of all issues properly so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Aon Consulting, Inc. demands the following relief:

(a) Permanent injunctive relief enjoining Defendants from selling or offering any product or service that contains, uses, or otherwise discloses Aon's trade secrets;

(b) Permanent injunctive relief enjoining Defendants from selling or offering any product or service that contains, uses, or otherwise discloses any derivative of Aon's trade secrets;

(c) Permanent injunctive relief directing the immediate return to Aon of any and all documents, data, and/or files (whether in paper or electronic form) containing, reflecting, or referring to any of Aon's trade secrets;

(d) Damages for all of Aon's compensable injuries and for Defendants' unjust enrichment, in an amount to be proven at trial, including, but not limited to, lost profits and disgorgement of all benefits reaped by Defendants, plus interest and costs;

(e) Reimbursement for all expenditures reasonably and necessarily incurred by Aon to verify which data and files were improperly accessed and transmitted by Defendants and to what extent Aon's data and information, computers, and computer systems were misused, altered, damaged, or deleted by Defendants;

(f) Attorneys' fees and costs;

(g) Exemplary and punitive damages in an amount to be proven at trial;

(h) An Order that Defendants shall be held jointly and severally liable for all damages and costs awarded to Aon; and

(i) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

AON CONSULTING, INC.

Dated: October 5, 2017

*/s/Julianne M. Hartzell*
Julianne M. Hartzell (IL 6275093)
Danielle K. Johnson (IL 6313146)
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300
jhartzell@marshallip.com
djohnson@marshallip.com

*Attorneys for Plaintiff Aon Consulting, Inc.*